UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BOBBY LEE LAWRENCE,

    Plaintiff,

v.                                           Case No. 3:21-cv-231-BJD-JBT

CAPTAIN DAVIS, et al.,

    Defendants.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

    Plaintiff, Bobby Lee Lawrence, an inmate of the Florida Department of Corrections (FDOC), is proceeding pro se and in forma pauperis (Doc. 7) on a second amended complaint (Doc. 11; Am. Compl.) with exhibits (Doc. 11-1; Pl. Ex.). The Court directed Plaintiff to submit an amended complaint because his initial pleadings were confusing and substantively deficient. See Order (Doc. 8). The Court advised Plaintiff that if he chose to submit an amended complaint, he may proceed only on one incident or related incidents, and he must clearly identify the Defendants he wishes to sue, providing a clear description of how each Defendant violated his rights. Id. The Court also advised Plaintiff many of the claims he attempted to raise were not cognizable under 42 U.S.C. § 1983 (the deprivation of personal property, his placement in disciplinary confinement, and those based on a theory of vicarious liability). In

affording Plaintiff an opportunity to amend his complaint, the Court provided him detailed instructions on how to do so.

Plaintiff's second amended complaint is now before the Court for screening under the Prison Litigation Reform Act (PLRA). See 28 U.S.C. § 1915(e)(2)(B) (authorizing a district court to dismiss a complaint that "fails to state a claim upon which relief may be granted"); 28 U.S.C. § 1915A(a), (b) (providing that a district court shall review a civil rights complaint filed by a prisoner to ensure it states a plausible claim for relief). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material

elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

A court must liberally construe a pro se plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)). The purpose of the federal pleading rules is to ensure a plaintiff presents his "claims discretely and succinctly, so that[ ] his adversary can discern what he is claiming and frame a responsive pleading." Barmapov v. Amuial, 986 F.3d 1321, 1324 (11th Cir. 2021) (quoting Weiland v. Palm Bch. Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015)).

Upon review, the Court finds Plaintiff has not cured the deficiencies that plagued his original pleadings (Docs. 1, 3). The amended complaint remains deficient because Plaintiff still attempts to proceed on multiple, unrelated incidents, and he has not clarified the claims against each Defendant. A plaintiff may set forth only related claims in one civil rights complaint. He may not join unrelated claims and various defendants unless the claims arise "out

of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "A claim arises out of the same transaction or occurrence if there is a 'logical relationship' between the claims." Constr. Aggregates, Ltd. v. Forest Commodities Corp., 147 F. 3d 1334, 1337 n.6 (11th Cir. 1998).

Plaintiff complains of incidents that occurred at Hamilton Correctional Institution on the following dates: August 10, 2019 (a lock-down and alleged physical assault that resulted in disciplinary charges against him); September 15, 2019 (a strip search and cell "shake down" that also resulted in disciplinary charges); November 13, 2019 (a failure or refusal of prison officials to return Plaintiff's property, including legal work); and November 25, 2019 (an attack by other inmates that caused injuries requiring medical attention). See Am. Compl. at 2-5; Pl. Ex. at 1-4. Plaintiff alleges no facts showing these separate incidents are logically related and, upon review, it appears they are not.

Moreover, Plaintiff's complaint, though not lengthy, is exceedingly confusing, requiring the Court to expend scarce resources sifting through the allegations to identify the purported claims against each Defendant. Such a complaint constitutes an improper "shotgun pleading." See, e.g., Barmapov, 986 F.3d at 1324-25 (explaining the types of shotgun pleadings). As Judge

4

Tjoflat recently stressed in a concurring opinion about the propriety of dismissing shotgun pleadings, "district courts are flatly forbidden from scouring shotgun complaints to craft a potentially viable claim for a plaintiff." Id. at 1327-28. Because Plaintiff continues to proceed on unrelated claims and fails to clarify his claims against each Defendant, in contravention of federal pleading rules and this Court's Order, his complaint is due to be dismissed.

Not only does Plaintiff's complaint not comply with federal pleading rules, to the extent his claims are somewhat decipherable, he fails to state a plausible claim for relief against any Defendant. A liberal construction of Plaintiff's complaint suggests he contends some Defendants used excessive force against him or subjected him to cruel and unusual conditions; some Defendants denied him due process in connection with his various disciplinary charges; one Defendant denied him adequate medical care; and two Defendants interfered with his access to the courts. See Am. Compl. at 5. In addition to compensatory and punitive damages, Plaintiff seeks injunctive relief—for medical treatment, to be released from punitive segregation, and to have his disciplinary convictions expunged. Id. at 5-6.

**Excessive Force**

Plaintiff alleges Defendants Davis, Young, Watson, Norman, Yetton, and Williams violated his Eighth Amendment rights by engaging in "physical

5

abuse." Id. at 5. However, he does not explain what conduct by which Defendant allegedly constitutes an Eighth Amendment violation. In setting forth his factual allegations, Plaintiff does not describe any conduct by Defendants Davis, Young, or Yetton that could be described as physical abuse. In fact, Plaintiff does not lodge any specific allegations against Defendant Davis, and his only allegations against Defendants Young and Yetton are that they responded to grievances or, in a supervisory position, "fail[ed] to take action to curb the physical abuse of prisoners." Id. at 3, 5. See also Pl. Ex. at 3 (grievance response signed by Defendant Yetton).

As the Court previously advised Plaintiff, see Order (Doc. 8), "[i]t is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability," Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), and "filing a grievance with a supervisory person does not automatically make the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance, even when the grievance is denied," Jones v. Eckloff, No. 2:12-cv-375-Ftm-29DNF, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013) (citing Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009)).

A supervisor may be liable under § 1983 only when he or she "personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." Mathews v. Crosby, 480 F.3d 1265, 1270 (11th Cir. 2007) (quoting Cottone, 326 F.3d at 1360).

> The necessary causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." Alternatively, the causal connection may be established when a supervisor's "custom or policy ... result[s] in deliberate indifference to constitutional rights" or when facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."

Cottone, 326 F.3d at 1360 (internal citations omitted). Plaintiff does not allege Defendants Young or Yetton personally participated in the alleged denial of his constitutional rights or directed subordinates to act unlawfully. Moreover, he does not allege they implemented or condoned a policy, practice, or custom that resulted in deliberate indifference to constitutional rights, or that they were aware of widespread abuse by subordinates. Because Plaintiff does not describe conduct by Defendants Davis, Young, or Yetton that amounts a constitutional violation, his claims against those Defendants are due to be dismissed.

The only Defendants Plaintiff alleges engaged in any physical conduct whatsoever are Watson, Norman, and Williams. Plaintiff alleges Defendant Watson slapped another inmate and then "threatened and locked down" inmates, including himself, "to justify his physical assault." See Am. Compl. at 2-3. Plaintiff does not allege Defendant Watson hit him (Plaintiff), so there is no factual basis upon which to pursue an excessive force claim. Nor does Plaintiff allege facts showing he was subjected to unconstitutional conditions of confinement. Even if Plaintiff was placed in lock-down on false pretenses, he fails to describe conditions that were so extreme such that he was exposed to an unreasonable risk of damage to his health or safety. See Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004). "[T]he Constitution does not mandate comfortable prisons," nor can inmates expect to "be free of discomfort." Rhodes v. Chapman, 452 U.S. 337, 349 (1981).

To the extent Plaintiff premises his Eighth Amendment claim against Defendant Watson on the threats Defendant Watson allegedly made, such allegations do not suffice. See Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) ("[V]erbal abuse alone is insufficient to state a constitutional claim."). Accordingly, Plaintiff fails to state a plausible claim against Defendant Watson.

Plaintiff alleges Defendants Norman and Williams entered his cell on September 25, 2019, and "advised [him] to strip down naked, for a random shake down." Id. at 3. See also Pl. Ex. at 3. He says Defendant Norman then conducted a strip search but, in doing so, "abus[ed] his authority" by making Plaintiff "squat down four different times completely naked." See Am. Compl. at 3. See also Pl. Ex. at 3. Plaintiff does not allege the search was unjustified. He merely complains about having been made to squat four times, which does not by itself suggest an Eighth Amendment violation. See, e.g., Moton v. Walker, 545 F. App'x 856, 859-60 (11th Cir. 2013) ("It is not clearly established that requiring an inmate to bend over, spread his buttocks, and cough, and requiring him to complete those actions three times, is an unreasonable and abusive search."). For these reasons, Plaintiff fails to allege facts showing Defendants Norman or Williams violated his Eighth Amendment rights.

**Due Process**

Plaintiff also accuses Defendants Norman and Williams of destroying his personal property inside his cell. See Am. Compl. at 3. Even if true, such conduct does not amount to a constitutional violation. A negligent or intentional deprivation of personal property does not constitute a Fourteenth Amendment due process violation "if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Plaintiff has

9

an adequate postdeprivation remedy available to him under state law: he can sue the officers for theft or conversion. See Fla. Stat. § 772.11(1). See also Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009) (recognizing Florida's civil cause of action for conversion provides an adequate postdeprivation remedy when law enforcement officers seize or retain personal property).

Plaintiff further asserts Defendant Norman violated his due process rights by serving him with disciplinary charges on two occasions, both of which he believes were fraudulent or defective. See Am. Compl. at 3. And he asserts that Defendants Hall and Scott violated his due process rights in "conducting [his] disciplinary hearing" and in "sustaining" the charges against him.[1] Id. at 5. Plaintiff allege no facts suggesting he was denied due process in connection with the disciplinary charges he incurred. For instance, he does not allege prison officials failed to apprise him of the charges against him—in fact, he alleges just the opposite—and he does not allege he was prohibited from presenting evidence or calling witnesses at the disciplinary hearings. See, e.g., O'Bryant v. Finch, 637 F.3d 1207, 1214 (11th Cir. 2011) (explaining the due process rights to which prisoners are entitled when disciplined).

---

[1] Plaintiff may name Defendants Scott and Hall because they responded to grievances. See Pl. Ex. at 4-6. If the grievance responses are the only foundation for the claims against these Defendants, the claims fail for reasons previously addressed.

Plaintiff's conclusory assertions that he was denied due process are not entitled to a presumption of truth. See Tani v. Shelby Cnty., Ala., 511 F. App'x 854, 857 (11th Cir. 2013) (affirming dismissal of a complaint that alleged, as labels and conclusions, violations of various constitutional rights with no supporting facts to "explain what actions caused which violations"). His allegations amount to no "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," which do not satisfy the federal pleading standard. Iqbal, 556 U.S. at 678.

Additionally, if Plaintiff complains that he was wrongly placed in disciplinary or segregated confinement, his due process claim fails because he asserts no facts indicating he was subjected to conditions so severe that they imposed upon him a significant hardship in comparison to the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. 472, 486 (1995) ("[A] prisoner's] discipline in segregated confinement [does] not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest."). For the stated reasons, Plaintiff's Fourteenth Amendment claims against Defendants Norman, Hill, and Scott are due to be dismissed.

**Deliberate Indifference to Serious Medical Needs**

Plaintiff alleges the John Doe Defendant failed to provide him "adequate medical care." See Am. Compl. at 5. A claim for deliberate indifference to a

11

serious illness or injury is cognizable under § 1983. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). However, to state a cause of action, a plaintiff must "allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (describing the three components of deliberate indifference as "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence").

Plaintiff fails to provide any factual allegations to support his conclusory assertion that John Doe did not provide adequate medical care. It appears Plaintiff names this Defendant, whom he describes as the "medical administrator," solely because of the supervisory position he holds. See Am. Compl. at 2. As addressed previously, a supervisor cannot be held liable under § 1983 simply because a subordinate employee violated a prisoner's rights. Even more, Plaintiff does not allege a subordinate medical employee violated his constitutional rights. In fact, he acknowledges a nurse "tape[d] up [his] wounds." Id. at 4.

To the extent Plaintiff disputes the type of medical care the nurse provided, such allegations cannot sustain a deliberate indifference claim. When prison physicians provide medical care for prisoners, "federal courts are generally reluctant to second guess [their] medical judgments." Hamm v.

12

DeKalb Cnty., 774 F.2d 1567, 1575 (11th Cir. 1985). As such, allegations of medical negligence do not satisfy the stringent deliberate indifference standard. Estelle, 429 U.S. at 105-06. In other words, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. at 106. See also Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) ("Medical treatment violates the [E]ighth [A]mendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'"). For these reasons, the claim against the medical administrator is due to be dismissed.

**Access to the Courts**

Plaintiff alleges Defendants Kitchens and Gamble "den[ied] [him] access to the judicial system." See Am. Compl. at 5. It is unclear whether Plaintiff seeks to assert a claim against Defendants Kitchens and Gamble: his allegations against them are vague, and he does not specify the relief he seeks from them, as he does with most other Defendants. Id. at 5-6 (identifying the claims Plaintiff pursues against and the relief he seeks from all Defendants except Kitchens, Gamble, and Inch).

Plaintiff suggests Defendants Kitchens and Gamble stole "evidence that … [would] free [him] from his illegal incarceration." Id. In a grievance, Plaintiff says Defendants Kitchens and Gamble simply did not return his personal

13

property to him after he submitted a request to the property room. See Pl. Ex. at 2. Defendant Kitchens approved his grievance, responding as follows: "A partial will be created [and] delivered." Id.

If Plaintiff is attempting to state a claim under the First Amendment, he has failed to do so. To state a claim for a denial of access to the courts, a plaintiff must allege an "actual injury." Lewis v. Casey, 518 U.S. 343, 349-50 (1996); Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006). "Actual injury may be established by demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded by . . . an official's action." Barbour, 471 F.3d at 1225 (citations omitted). See also Al-Amin v. Smith, 511 F.3d 1317, 1332 (11th Cir. 2008) ("[P]rison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action.") (quoting Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998)).

Plaintiff does not allege Defendants Kitchens or Gamble engaged in conduct that caused him an "actual injury" as required to state an access-to-the-courts claim under the First Amendment. He does not, for example, allege Defendants' actions impeded his ability to pursue a nonfrivolous post-conviction or civil rights claim. His bald assertion that Defendants destroyed newly discovered evidence is not factually supported.

14

### Defendant Inch

The final Defendant, Mark Inch, the Secretary of the FDOC, Plaintiff fails to mention at all in his complaint other than to identify him as party. Thus, it appears Plaintiff names Secretary Inch solely because of the supervisory position he holds. Not only is such a theory not cognizable under § 1983, but Plaintiff alleges no facts showing an underlying constitutional violation by any Defendant. As such, the claim against Secretary Inch must be dismissed.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of May 2021.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c: Bobby Lee Lawrence